UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**FELICIA GAY CAMPER,**

       **Plaintiff,**

v.                                                                                                        Civil Action No. 4:05cv95

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       **Defendant.**

## OPINION AND ORDER

      The plaintiff brought this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying her claim for supplemental security income benefits under the Social Security Act.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), the Local Rules of the United States District Court for the Eastern District of Virginia, and by order of reference dated August 15, 2005, this matter was referred to United States Magistrate Judge F. Bradford Stillman for a Report and Recommendation.

      The Report and Recommendation of the Magistrate Judge, filed on December 6, 2006 ("the Report"), finds that the Administrative Law Judge's ("ALJ") March 23, 2005 determination that the plaintiff retained the residual functional capacity to perform sedentary work is not supported by substantial evidence in the record.  Specifically, the Report indicates that the ALJ both failed to explicitly assign weight to plaintiff's physicians' medical opinions and failed to document a sufficient basis for a determination regarding the credibility of plaintiff's medical claims.  Accordingly, Magistrate Judge Stillman recommended that the ALJ's decision be

1

vacated, that this matter be remanded to the ALJ for rehearing, and, on remand, that the ALJ consider and document both the appropriate weight to assign the relevant physicians' opinions and the credibility of plaintiff's claims regarding her medical conditions and their limiting effects.

By copy of the Report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge.  On December 15, 2006, plaintiff filed a response to the Report stating that she had no objections; however, plaintiff's filing argued that rather than remanding this matter to the ALJ, this court should enter an order immediately granting plaintiff supplemental security income benefits.  Defendant filed a timely reply, correctly construing plaintiff's filing as agreeing with the Magistrate Judge's findings with respect to the inadequacy of the ALJ's determination, but objecting to the remedy suggested by the Report.  Defendant's reply likewise agrees with the Report's findings and further agrees with the Magistrate Judge's proposed remedy.  In support of such remedy, defendant cites numerous cases indicating that remand to the ALJ, rather than a ruling on the merits, is the appropriate relief subsequent to an ALJ's failure to apply the correct legal standard or failure to provide adequate documentation in support of a ruling.

This court has carefully reviewed the Magistrate Judge's Report and Recommendation, plaintiff's December 15, 2006 filing, and defendant's reply, and hereby adopts and approves in full the findings and recommendations set forth in the Magistrate Judge's December 6, 2006 Report and Recommendation.  This court's ruling is based upon a de novo determination that remand to the ALJ is the appropriate remedy under the present circumstances.  It is therefore **ORDERED** that the March 23, 2005 decision of the ALJ be **VACATED** and the case be

**REMANDED** to the ALJ for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g).  As such, both the plaintiff's and the defendant's motions for summary judgment are **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the <u>pro se</u> plaintiff and to counsel of record for defendant.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December  26 , 2006